UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DARNELL ROSS, et al.,

                Plaintiffs,

      -against-

BRUCE HARRELL, et al.

                Defendants.

22-CV-1386 (LTS)

ORDER DIRECTING PAYMENT OF FEE OR IFP APPLICATION

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Darnell Ross ("Ross") brings this action *pro se*. As set forth below, the Court (1) dismisses from the action, without prejudice, the seven individuals listed in the complaint as plaintiffs; (2) directs Ross to resubmit the signature page of the complaint; and (3) directs Ross to submit an application to proceed *in forma pauperis* ("IFP") or pay the filing fees.

## DISCUSSION

**A.    Rule 11**

Rule 11(a) of the Federal Rules of Civil Procedure provides that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented." *See also* Local Civil Rule 11.1(a). The Supreme Court has interpreted Rule 11(a) to require "as it did in John Hancock's day, a name handwritten (or a mark handplaced)." *Becker v. Montgomery*, 532 U.S. 757, 764 (2001).

Ross lists as plaintiffs seven individuals who did not sign the complaint or provide any contact information. The Court therefore dismisses the following individuals, without prejudice: Curtis Brown, Pookie Washington, Leroy Washington, Randy, Trukan Bazemore, Eric, and James Jacobs. Plaintiff is therefore the sole Plaintiff in this action.

Ross, who also did not sign the complaint, is directed to resubmit the signature page of the complaint with an original signature to the Court within 30 days of the date of this order. A copy of the signature page is attached to this order.

**B.     Filing Fees**

To proceed with a civil action in this court, Ross must either pay $402.00 in fees – a $350.00 filing fee plus a $52.00 administrative fee – or submit a signed IFP application. *See* 28 U.S.C. §§ 1914, 1915.

Ross submitted the complaint without the filing fees or an IFP application. Within thirty days of the date of this order, Ross must either pay the $402.00 in fees or submit the attached IFP application. If Ross submits the IFP application, it should be labeled with docket number 22-CV-1386 (LTS). If the Court grants the IFP application, Ross will be permitted to proceed without prepayment of fees. *See* 28 U.S.C. § 1915(a)(1).

**CONCLUSION**

The Court grants Ross 30 days to comply with this order. If Ross complies with the order, the case shall be processed in accordance with the procedures of the Clerk's Office. If Ross fails to comply with this order within the time allowed, the action will be dismissed. No summons shall issue at this time.

The Court dismisses without prejudice Curtis Brown, Pookie Washington, Leroy Washington, Randy, Trukan Bazemore, Eric, and James Jacobs.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

      The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:   March 1, 2022
             New York, New York

                                            /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                       Chief United States District Judge